IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS WALKER,

      Plaintiff,                    No. 2:10-cv-1093 GEB KJN P

    vs.

MATTHEW CATE, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff Dennis Walker is a state prisoner at the California Medical Facility ("CMF") in Vacaville, California, proceeding without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's First Amended Complaint filed June 3, 2010. (Dkt. No. 6.) Pending is defendants' motion to dismiss this action for failure to exhaust administrative remedies. For the following reasons, the court recommends that defendants' motion be granted.

I. Background

        Plaintiff challenges application of the inmate "Integrated Housing Program" ("IHP"), implemented in 2008 by the California Department of Corrections and Rehabilitation

////

////

1  ("CDCR"), on the ground that it forces racial integration pursuant to prisoner cell assignments.[1]
2  See Cal. Code. Regs., art. 47, §§ 54055.1 et seq.  The named defendants are CDCR Secretary
3  Matthew Cate, and CMF Warden Kathleen Dickinson.  Plaintiff states that he is an Aryan
4  Christian/Odinist, ethnically white without gang affiliation, who may be injured if he is celled
5  with an inmate of another race and/or religion.  Plaintiff alleges that when he refused a
6  cell-integration order on October 7, 2008, with a "non-Aryan Muslim," he was found guilty
7  pursuant to a CDC-115 disciplinary rules violation report, lost good time credits, and was placed
8  in administrative segregation.  Although plaintiff thereafter obtained a classification excluding
9  him from an integrated cell assignment, it was rescinded.  Plaintiff contends that the application
10 of the IHP violates plaintiff's right to the free exercise of his religion protected by the First
11 Amendment of the United States Constitution, and the Religious Land Use and Institutionalized
12 Persons Act ("RLUIPA"), his Eighth Amendment right against cruel and unusual punishment,
13 his Fourteenth Amendment rights to equal protection and due process, and his Fifth Amendment
14 right to due process.  (FAC at 5-6).[2]  Plaintiff seeks damages, as well as declaratory and
15 injunctive relief.

16 II.  Legal Standards

17     A.  Failure to State a Cognizable Claim

18         The Federal Rules of Civil Procedure authorize motions to dismiss for "failure to
19 state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a
20 motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as
21 true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and

---

[1] Plaintiff originally filed this action in tandem with another plaintiff, Ronald Glover, who is incarcerated at Folsom State Prison. The cases were severed by order filed May 4, 2010. (Dkt. No. 1.)  Mr. Glover now proceeds on similar claims in Glover v. Cate et al., Case No. 2:10-cv-430 GEB KJN P, also pending before the undersigned.  On July 13, 2011, this court issued Findings and Recommendations, recommending that Glover v. Cate be dismissed for failure to state a cognizable claim.  (Id., Dkt. No. 29.)

[2] Citations to the record reflect the court's electronic pagination.

construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. 89 (internal citations omitted).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

  B. Administrative Exhaustion

The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must exhaust their administrative remedies regardless of the relief they seek. Booth v. Churner, 532 U.S. 731, 741 (2001). Such exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules and deadlines, Woodford v. Ngo, 548 U.S. 81, 85-86 (2006) (summary of administrative review process in California prisons), which in California requires that a prisoner pursue his administrative grievance through the Third

(Director) Level Review.  Id. at 85; Bovarie v. Giurbino, 421 F. Supp. 2d 1309, 1314-15 (S.D. 2006).

The PLRA requires that a prisoner's administrative remedies be exhausted prior to filing suit.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (per curiam).  While a plaintiff may add newly exhausted and related claims to an existing action, see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint), "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court," id. at 1004, citing McKinney, supra, 311 F.3d at 1199, and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).

The exhaustion requirement applies to all section 1983 claims regardless whether the prisoner files his claim in state or federal court.  Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety and Corrections, 468 F.3d 278 (5th Cir. 2006).  However, the exhaustion requirement is not jurisdictional, but an affirmative defense that may be raised by a defendant in a non-enumerated Rule 12(b) motion.  See Jones v. Bock, 549 U.S. 199, 216 (2007) ("inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003) (failure to exhaust is an affirmative defense).  Defendants bear the burden of raising and proving the absence of exhaustion, and their failure to do so waives the defense.  Id. at 1119 n.13, and related text.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Wyatt, 315 F.3d at 1119.  "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust—a procedure closely analogous to summary judgment—then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."  Id. at 1120 n.14.  However, when the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the

claim without prejudice." Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed on exhausted claims).  Thus, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

III. Discussion

The following chronology is relevant to the pending motion:

1. On February 26, 2009, plaintiff filed the first of his two relevant administrative grievances, Log No. CMF-09-0562. (Dkt. No. 15, Exh. A-2.)  Pursuant to this grievance, plaintiff sought reclassification from "Racially Eligible for Double Cell Housing" ("RE"), to "Restricted to Own Race" ("RO").  Plaintiff's request was granted at the First Level Review on March 25, 2009.  Plaintiff concedes that he pursued this grievance no further.  (Dkt. No. 15 at 2 ("[b]ecause Plaintiff won his 602 Appeal # 09-562 there was no need to pursue the administrative appeal [p]rocess any further").)

2. Plaintiff filed the initial complaint in this action on February 19, 2010 (Dkt. No. 2), and the operative First Amended Complaint on June 3, 2010 (Dkt. No. 6).

3. On June 11, 2010, plaintiff learned that he had been reclassified as "RE." (Dkt. No. 15 at 3.)  On June 15, 2010, plaintiff filed his second administrative grievance, Log No. CMF-10-1538. (Id., Exh. B.)  Pursuant to that grievance, plaintiff stated that he had been improperly designated "RE," because he was in fact "RO." (Id., Exh. B-1, B-2.)  The grievance was "partially granted" on August 12, 2010, insofar as it was determined that plaintiff would "be scheduled for an appearance before Institution Classification Committee for Resolution of His Integrated Housing Code (IHC)." (Id., Exh. B-1.)  As framed in his request for Second Level Review, subsequently filed on October 20, 2010, plaintiff alleged that his reclassification from "RO" to "RE" "was a violation of Res Judicata principals of law, and an abuse of discretion . . . when they completely ignored . . . the previous Appeal Granting of RO Status by the CCII on 3/25/09." (Dkt. No. 17 at 8.)

4. On November 19, 2010, this court ordered service of the First Amended Complaint on defendants; on January 18, 2011, defendants filed the instant motion to dismiss.

5. Plaintiff filed his opposition to the motion to dismiss on February 23, 2011, and, on April 18, 2011, pursuant to court approval (Dkt. No. 18), he filed "newly acquired evidence," demonstrating exhaustion of his second administrative grievance, Log No. CMF-10-1538. (Dkt. No. 17.) The Director's Level Decision, rendered March 24, 2011, denied the appeal and required that plaintiff remain classified "RE," reasoning in pertinent part (id. at 9):

> The appellant requests that his CDC Form 128-G, Classification Chrono[,] be rewritten with the IHP classification of RO. . . . The Director's Level of Review (DLR) finds that while the appellant argues that he should be approved to choose his own housing status, the fact remains that there exists a legitimate penological interest in such discretion being delegated to the authority of the warden. This interest is based upon the CDR's implementation of the IHP which ensures that race is not the sole factor when determining inmate choosing assignments. . . . The DLR finds that appellant's case factors have been afforded due consideration. The DLR finds that the appellant's prior grievance and prior status as RO have no bearing on this issue. The DLR finds that . . . the appellant was appropriately classified, and that the RE designation was appropriately documented on his CDC 128-G.

6. Defendants filed a reply to plaintiff's opposition, and a supplemental reply to plaintiff's new evidence, on March 3, 2011, and May 10, 2011, respectively. (Dkt. Nos. 16, 19.)

This chronology clearly demonstrates that plaintiff failed to exhaust his first administrative grievance, Log No. CMF-09-0562, instead choosing to rely on its favorable outcome at the First Level Review. Thus, plaintiff is precluded from initiating suit based on this unexhausted administrative grievance.

This chronology also demonstrates that, while plaintiff exhausted his second administrative grievance, Log No. CMF-10-1538, he did so more than a year after he initiated this action. Administrative exhaustion is required *prior* to filing suit. McKinney, supra, 311 F.3d at 1190-1200; 42 U.S.C. § 1997e(a) ("*no action shall be brought . . . until* such administrative remedies as are available are exhausted. . . .") (emphasis added). Thus, this action

may not be premised on plaintiff's second administrative grievance.

Plaintiff makes two arguments in opposition to dismissing this action based on plaintiff's failure to fully and timely exhaust his administrative grievances before initiating this action. First, plaintiff contends that his second grievance should be viewed as "a continuation" of his first grievance. (Dkt. No. 15 at 3.) Second, plaintiff contends that defendants should be "estopped" from arguing non-exhaustion because "they are responsible for this Plaintiff in not being able to exhaust remedies before his filing of the civil rights complaint." (Id. at 4.) Plaintiff explains, "[b]ecause the prison officials['] irr[e]gularities in the case made exhaustion virtually impossible, confusing, non-applicable in facts of this case, the exhaustion remedy was virtually non-available to Plaintiff . . . from 3/25/09 date of #09-562 appeal, until 6/15/10 date of #10-M-153[8] Appeal." (Id. at 4-5.) Consistent with both arguments, plaintiff contended, in support of his request for Second Level Review in Log No. CMF 10-1538, as follows (Dkt. No. 17 at 8):

> The CMF authorities are intentionally seeking to confuse my Civil Rights Complaint now pending in the Eastern District Court #2-10-cv-01093, by discontinuing my Appeal Process by []Granting of the appeal by a CCII counselor, and approval by the Associate Warden, then, changing my Appeal Grant and again giving me a RE Stat[u]s. [¶] I raise the same issues in this inmate appeal that I raised in my 602 appeal originally filed on 2-26-09 . . . I incorp[o]rate by reference the Appeal #09-562 and all of it[]s argu[]ments and complaint into this 602 appeal. This appeal is a continuation of 602 #09-562.

While the Ninth Circuit has recognized that the PLRA may not require exhaustion when circumstances beyond a prisoner's control render administrative remedies "effectively unavailable," Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010), such unavailability is generally premised on the failure of prison officials to accord meaningful access to the administrative grievance process, or to provide meaningful review of a prisoner's grievance. Plaintiff has stated no facts in support of his contention that prison officials prevented him from fully and timely exhausting his administrative grievances, and no such facts may be reasonably inferred from the record. Plaintiff clearly states

7

that he chose not to exhaust his first administrative grievance, Log No. CMF-09-0562, because he obtained a favorable result at the First Level Review.  Thereafter, plaintiff initiated this action on February 19, 2010, *before* he learned, on June 11, 2010, that he had been reclassified as "RE," and hence *before* he filed his second administrative grievance challenging such reclassification, on June 15, 2010.  There is no basis for attributing to prison officials plaintiff's failure to exhaust his second administrative grievance, Log No. CMF-10-1538, *before* filing this action.

Nor is there any merit to plaintiff's theory that his two grievances should be read together, or that his second grievance should be construed as a "continuation" of his first grievance.  The two matters are unrelated, distinct in time and impact.[3]

The court finds, therefore, that plaintiff failed to exhaust his administrative remedies before bringing the instant action.  Accordingly, this action should be dismissed without prejudice.

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Dkt. No. 11) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are

---

[3] Moreover, because CDCR's authority to reassess, at any time, a prisoner's classification, including his housing status, is generally immune to constitutional challenge, see generally Glover v. Cate et al., Case No. 2:10-cv-430 GEB KJN P (Dkt. No. 29 (Findings and Recommendations)), plaintiff's effort to "merge" his administrative grievances into one broad constitutional challenge of CDCR's Integrated Housing Program would likely fail to present a cognizable claim, even had plaintiff's grievances been properly exhausted.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

walk1093.mtd